HOWARD WEISBERGER, APPELLANT, v. SAM BAKER AND LOUISE BAKER, RESPONDENTS.

No. 4357

May 31, 1961                                362 P.2d 277

*Robert L. Gifford* and *William R. Devlin,* of Las Vegas, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondents.

## OPINION

By the Court, MCNAMEE, J.:

This case involves a boundary dispute. Appellant's land adjoins respondents' to the north, both parcels being located on Las Vegas Boulevard South which is the so-called "Strip" area in Clark County.

The action was brought by appellant to restrain respondents from removing improvements made by appellant on the disputed area between them which is approximately five feet wide. Respondents in their counterclaim prayed for a decree quieting title in them to the disputed area and requiring appellant to remove the alleged encroachment thereon. From the decree in favor of respondents this appeal was taken.

Four licensed surveyors testified in the court below, only one of whom, L. M. Bobeau, actually surveyed the boundary between the two properties. The other three testified from surveys already made, including the Bobeau survey or from surveys personally made in the vicinity. It is to be noted that this is the same Bobeau who testified at length in the case of Backer v. Gowen, 73 Nev. 34, 307 P.2d 765, 766, which case involved disputed surveys in this same vicinity.

Appellant recognizes the general rule that this court will not disturb the conclusions of the trial court resulting from its consideration of disputed questions of fact. They contend, however, that this case comes within the exception to this rule which is to the effect that where the trial court's decision is based upon a misconception of material evidence the judgment should be reversed.

The written decision of the trial court recites the following: "Baker had his property surveyed. He is the only one who did. The survey reveals that the plaintiff is encroaching upon Baker's land. All disputes as to surveys were reconciled in the evidence, and David S. Snyder appeared as a witness for the plaintiff and, in substance, inferred that at the time of the making of the survey Mr. Bobeau had made a wrong determination of the quarter corner of the west line of section 16 [being the same section 16 referred to in Backer v. Gowen, supra]. Mr. Bobeau testified that this quarter corner of the west line of section 16 was the quarter section; that it was identified by a two-inch truck axle housing well firmly planted approximately five feet in the ground and projecting a foot or more above the ground; and that the two inch pipe was a flanged, floating, truck type axle; and that he used this monument as the survey point since it was also a monument of record for ownerships and surveys. In view of the fact that the plaintiff did not see fit to have his property surveyed and the evidence revealing that Mr. Bobeau is a man of integrity as is, incidentally, Mr. Snyder, and the survey being the only one in the area affecting this ground, the Court feels it must accept the same. There is considerable support for the Bobeau survey coming from Ty Tyson, registered engineer, and Mr. Jack Leavitt, a registered engineer. Mr. Leavitt stated that he had a feeling that perhaps the quarter section location was wrong but that if it was it was only coincidental and that the fact of encroachment would nevertheless appear. Mr. Tyson stated he had used the quarter section monument in the surveys that he had made in

the area for other property owners and that it was the true location."

The formal findings of fact and conclusions of law recite "that there was conflicting evidence on the part of plaintiff and defendants as to the boundary line between the respective properties of the said parties to this action, and inasmuch as the said evidence is conflicting the court specifically finds that the only survey made to determine the accurate boundary line between said property was made by one L. M. Bobeau, a duly licensed engineer and land surveyor of Las Vegas, Nevada, and the court accepts said survey as true and accurate."

In Backer v. Gowen, supra, this court said: "The question involved is almost entirely a factual one and we have concluded that there is substantial evidence in the record to support the trial court's rejection of the plaintiffs' contentions that the evidence compelled an acceptance of a point fixed in the center of the highway as the discovered original government corner and original government monument evidencing the same fixed by the original government survey of 1881. We have come to the further conclusion that there is substantial evidence to support the trial court's finding that the corner known as the Hesse corner, some 80 feet west of the center line of the highway, was the corner common to the four sections, and that the judgment must therfore be affirmed."

Similar language properly could be applied to the lower court's approval of respondents' evidence relating to the Bobeau monument.

Mr. Bobeau testified that in order to commence his survey of the particular land in question he first determined the center of section 16. This had already been ascertained by Mr. Tyson. From that point he discovered the monument, a two-inch axle housing monument, at the quarter corner on the west line of section 16 which is herein referred to as the Bobeau monument, and from this monument he was able to fix the boundaries of respondents' property, and he found that appellant was encroaching on respondents' property approximately 5

feet 3 inches. Bobeau further testified that said monument is sustained by the highway department and other surveys of neighboring property, and was the same monument which he used in his survey for Gowen, which survey was sustained by this court in Backer v. Gowan, supra.

While this testimony alone would be sufficient to support the lower court's judgment, its written decision, a part of which is quoted herein, indicates other testimony in support of Bobeau.

The sole issue on this appeal is one of fact, and from an examination of the entire record we find the evidence amply sufficient to support the judgment. The contention of appellant that the trial court misconstrued a material part of the evidence is without merit.

Affirmed.

BADT, C. J., and PIKE, J., concur.